# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case Number 4:06CR314(8) |
| § | (Judge Crone) |
| MARIO ALBERTO MACHADO, JR. (8) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing to consider Defendant Mario Alberto Machado Jr.'s Motion to Suppress Evidence. (Docket No. 106). The government was represented by Ernest Gonzalez. Defendant was represented by William A. Bratton, III.

Defendant alleges the affidavit in support of the search warrant was insufficient because it lacked probable cause and the information in the affidavit was not based upon a reliable source of information.

A police officer seeking the issuance of a search warrant must present an affidavit containing facts sufficient to " provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime. *Id*. at 238-39, 103 S. Ct. 2317. The officer's supporting affidavit must make it apparent, therefore, that there is some nexus between the items to be seized and the criminal activity being investigated. *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (*citing Warden v. Hayden*, 387 U.S. 294, 302, 307, 87 S. Ct. 1642, 18 L. Ed.2d 782 (1967).

The Court concludes, in analyzing the totality of the circumstances, that there was sufficient probable cause to substantiate the search warrant. The Court notes that the government presented evidence demonstrating that the information of the confidential informant was tested and found to be credible on two prior occasions. Defendant was being investigated for drug use and large scale distribution. As was noted by the confidential informant, phone calls between various individuals and Defendant indicated that Defendant was able to supply large amounts of methamphetamine. The confidential informant identified Defendant's apartment, the agents found Defendant inside said apartment, and various drugs and drug paraphernalia were found within the apartment, including a scale, drug ledger, marijuana, currency and a firearm. Several pounds of methamphetamine were also found in Defendant's vehicle. Based on the foregoing, the Court also finds a strong nexus between the items sought for seizure and the criminal activity being investigated.

## **RECOMMENDATION**

The Court recommends that the District Court DENY Defendant's Motion to Suppress.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of June, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE