UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | Case Number 4:06CR314(8) |
| § | (Judge Schneider) |
| MARIO ALBERTO MACHADO, JR. (8) § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the above-referenced criminal action, this Court having heretofore referred the Defendant's Motion to Suppress Evidence to the United States Magistrate Judge for proper consideration. The Court has received the report of the United States Magistrate Judge pursuant to its order. On July 3, 2007, Defendant filed objections. Defendant objects on the grounds that: 1) information relied upon in the report and recommendation is outside of the information used in support of the search warrant; and 2) the Court's failure to deal with the issue of good faith execution.

A police officer seeking the issuance of a search warrant must present an affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime. *Id*. at 238-39, 103 S. Ct. 2317. The officer's supporting affidavit must make it apparent, therefore, that there is some nexus between the items to be seized and the criminal activity being investigated. *Kohler v.*

*Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (*citing Warden v. Hayden*, 387 U.S. 294, 302, 307, 87 S. Ct. 1642, 18 L. Ed.2d 782 (1967).

The affidavit at issue contains the following pertinent information:

1. Suspected location of Defendant.
2. Items suspected to be located within the premises, specifically methamphetamine, drug paraphernalia, notes, ledgers, books, video recordings, and papers depicting drug transactions.
3. Description of Defendant suspected to be within suspected premises.
4. Information as the Affiant's training, experience, and participation in investigations involving large amounts of controlled substances.
5. Information obtained by a confidential informant ("CI"), which has been proven credible on prior occasions and led to the arrest of two other individuals and the seizure of seven pounds of methamphetamine, that Defendant had been recently involved in illegal drug activity.
6. Specific information as to the belief that two pounds of methamphetamine were suspected within the suspected premises. Further, the CI and the Affiant traveled to the suspected place and confirmed the location.
7. The CI made a recorded phone call to Defendant in the presence of the Affiant whereby Defendant agreed to sell the CI methamphetamine for $8,000 per pound.

The Affiant provided the reviewing judge pertinent information provided to the officer by the confidential informant establishing that defendant was distributing methamphetamine, including Defendant's residence, personal knowledge of possession and distribution. The CI stated that Defendant deals in 'pounds' and then made the recorded phone call whereby he arranged a deal to purchase '5 pounds' of

methamphetamine. The information provided by the CI's factual statements were corroborated and the basis for the CI's information was also investigated and corroborated. The Court concludes, in analyzing the totality of the circumstances, that there was sufficient probable cause to substantiate the search warrant noting that the government presented evidence at the hearing demonstrating the truth of the facts contained within the affidavit.

As to the warrant's execution, the application for the search warrant includes information that the CI reported that Defendant has been observed in possession of handguns on his person. In light of this observation and the information that Defendant was actively involved with a street gang in the Dallas area, the Court agrees that these were sufficient factors which justified the state judge's decision to issue a no-knock warrant by meeting the requirements of 18 U.S.C. § 3109.

The Court, in making a de novo review of the objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is, therefore,

**ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court. It is finally,

**ORDERED** that Defendant's Motion to Suppress Evidence (Docket No. 106) is **DENIED**.

So **ORDERED.**

**SIGNED this 11th day of July, 2007.**

-3-

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE